have been vacant, or it might have been occupied by several persons.

 The possession of the meat alone having been relied upon, the state had the burden of showing the possession to have been personal, recent, and unexplained, and that such possession involved a distinct and conscious assertion of property by appellant. Russell v. State, 86 Tex. Cr. R. 609, 218 S. W. 1049, and authorities cited. In order to sustain a conviction upon circumstantial evidence, the circumstances must exclude every other reasonable hypothesis except that of the guilt of the accused. Reed v. State, 113 Tex. Cr. R. 412, 22 S.W.(2d) 456, and authorities cited. With another present with appellant one hundred yards away from a log cabin in which the alleged stolen meat was found, and in the absence of a showing that appellant occupied or controlled this cabin, can it be said that the test of exclusion has been met? The opinion is expressed that the question must be answered in the negative. We quote from Branch's Annotated Penal Code, § 1877, as follows: "To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him."

The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**BARTON v. STATE.**

No. 15091.

Court of Criminal Appeals of Texas.

Feb. 17, 1932.

W. W. Kirk, of Plainview, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is driving an automobile on a street in an incorporated city while intoxicated; the punishment, a fine of $200.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.